Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
Cameron J. Taylor, OSB No. 256661
Email: cameron@awbakerlaw.com
BAKER & LISS PC
1000 Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JESSICA CLEMMER**, an individual, | Case No. 3:26-cv-00602 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices (Title VII; 42 U.S.C. § 12112; 29 U.S.C. § 2615; ORS 657B.070; ORS 659A.030; ORS 659A.109; ORS 659A.112; ORS 659A.118; ORS 659A.147; ORS 659A.171; ORS 659A.183; ORS 659A.199; Wrongful Discharge) |
| **LAND O'LAKES, INC.**, a foreign business corporation, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

///

Page 1 – COMPLAINT

## Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, attorney fees, and injunctive relief for herself to redress injuries done to her by Defendant and/or officers, employees, or agents of said Defendant in contravention of her federally protected rights in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Family Medical Leave Act of 1993, as codified, 29 U.S.C. § 2615 ("FMLA"), and her state protected rights in violation of Oregon anti-discrimination and anti-retaliation laws including ORS 657B.070, ORS 659A.030, ORS 659A.109, ORS 659A.112, ORS 659A.118, ORS 659A.147, ORS 659A.171, ORS 659A.183, ORS 659A.199, and common law wrongful discharge.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

///

///

///

Page 2 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## General Factual Allegations

4.

Defendant was and is at all times mentioned herein a foreign business corporation with its principal place of business in Arden Hills, Minnesota.

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Multnomah County, Oregon.

6.

Plaintiff is and was at all material times herein domiciled in Oregon City, Oregon.

7.

At all material times herein, Plaintiff was supervised by Defendant's agents, employees, supervisors, and management and Plaintiff relied on the actual or apparent authority of Defendant's agents, employees, supervisors, and management.

8.

Defendant discriminated against Plaintiff by subjecting Plaintiff to different terms and conditions of employment and terminating her employment because of Plaintiff's sex, pregnancy, and/or disabilities. Additionally, Defendant retaliated against Plaintiff for engaging in various protected activities.

## Factual Allegations

9.

Plaintiff began working for Defendant on or about November 12, 2021 as a temporary employee. On or about December 6, 2021, Defendant hired Plaintiff as a Packer Operator to work fulltime at Defendant's Portland, Oregon facility.

Page 3 – COMPLAINT

10.

In or about summer of 2022, approximately seven months after Plaintiff's hiring, Defendant promoted Plaintiff to Lead Operator. Plaintiff was good at her job and worked hard for Defendant.

11.

Defendant maintains a points-based employee attendance policy. Under Defendant's policy, each unexcused full day absence constitutes one occurrence point. Per Defendant's policy, two occurrence points results in a verbal warning, three occurrence points in a first written warning, four occurrence points in a final written warning, and five occurrence points in termination. Critically, absences that are "excused" and thus will not incur points under Defendant's policy include but are not limited to "[a]bsences that are permitted and excused under applicable federal, state or local law," which include for example sick leave, family leave, and disability leave, among others.

12.

On or about December 19, 2024, Defendant issued Plaintiff a written warning for attendance violations as Plaintiff had accrued three occurrence points at that time.

13.

On or about February 3, 2025, Plaintiff arrived late to her shift as she had been experiencing severe and unexplained nausea. Although Plaintiff was able to finish the remainder of her shift, Plaintiff's nausea symptoms continued to worsen in the following days. On or about February 6, 2025, Plaintiff was unable to report for her shift due to the symptoms of illness that she was experiencing. On or about

Page 4 – COMPLAINT

February 10, 2025, Defendant issued Plaintiff another written warning for her attendance as Plaintiff had accrued a total of 3.25 occurrence points.

14.

On or about February 13, 2025, Plaintiff missed her scheduled shift as she was still suffering from symptoms related to her unexplained nausea. On or about February 24, 2025, Defendant issued Plaintiff a final written warning for her attendance as she had accrued 4.25 occurrence points.

15.

On or about March 2, 2025, Plaintiff discovered that she was likely pregnant. On or about March 31, 2025, Plaintiff underwent an ultrasound confirming that she was approximately seven to eight weeks pregnant at that time.

16.

Following the confirmation of Plaintiff's pregnancy, Plaintiff and her medical provider discussed Plaintiff's work duties. After their discussion, Plaintiff's medical provider advised Plaintiff not to perform one specific task which required Plaintiff to climb a series of ladders to a catwalk in the rafters of Defendant's facility, approximately 40 feet above the ground, while carrying a sledgehammer. From the catwalk, Plaintiff would then need to beat the top of feed silos with the sledgehammer to shake loose feed that had stuck to the top of the silos. Plaintiff's medical provider recommended that Plaintiff be excused from this task because (1) Plaintiff's dizziness from her nausea made it increasingly likely that she could fall from the catwalk and (2) Plaintiff was not able to wear a fall harness for protection without risking harm to her pregnancy, as the harness was not made to accommodate pregnant women. Plaintiff did not think avoiding this task would be an issue as Defendant had previously excused Plaintiff from the same task and had

Page 5 – COMPLAINT

also allowed Plaintiff to work light duty as reasonable accommodations for a back injury she sustained in or about 2023.

17.

That same day, on or about March 31, 2025, Plaintiff reported to Defendant's Plaint Manager, J.P., that she was pregnant and that her medical provider recommended that she be excused from climbing up to the catwalk to free the stuck feed as a reasonable accommodation for her pregnancy. J.P. responded that if Plaintiff cannot perform any part of her job, then she would need to go on leave for the duration of her pregnancy, or words to that effect.

18.

Plaintiff stated that she felt initiating leave at that time was unnecessary as she was only approximately seven to eight weeks pregnant. Plaintiff also informed J.P. that she had been experiencing nausea but that she was working with her medical provider to mitigate her symptoms. J.P. was dismissive of Plaintiff and reiterated that Plaintiff would need to go on leave if her pregnancy affected her ability to perform any aspect of her job. Specifically, J.P. stated, "Jessica, we've been through this before. We do not do light duty," or words to that effect. Plaintiff was confused by J.P.'s statement as Defendant had previously made the same accommodation for her in the past.

19.

On or about April 1, 2025, Plaintiff contacted Defendant's third party leave administrator, Lincoln Financial, and requested intermittent leave through FMLA to accommodate symptoms related to her pregnancy. Plaintiff was approved for intermittent leave on or about April 4, 2025.

///

Page 6 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

20.

On or about May 16, 2025, Plaintiff was scheduled to work a shift from 2:30 to 11:00 p.m. However, Plaintiff was experiencing severe nausea prior to her shift and was unable to even complete basic household chores. Accordingly, Plaintiff decided to use her intermittent leave and called out from her scheduled shift for later that day.

21.

Plaintiff understands that Defendant's policy is that employees who have used FMLA to call out for a shift should not later report to work for that shift. In other words, once an employee calls out using FMLA, they stay out.

22.

By early evening, Plaintiff's symptoms had become tolerable but had not completely subsided. Plaintiff had not eaten the entire day due to the symptoms she was experiencing. As such, Plaintiff's husband convinced Plaintiff to accompany him to dart night at a local bar so that Plaintiff could get something to eat. Plaintiff agreed as she felt going might help her feel better and would ensure her husband had a designated driver.

23.

Plaintiff arrived at the bar with her husband at approximately 6:30 p.m. While at the bar, Plaintiff noticed that her supervisor, K.Y., was also at the bar. Hoping to avoid any potential awkwardness, Plaintiff approached K.Y. to explain why she was not at her scheduled shift and that she was her husband's designated driver for the evening.  K.Y. left the bar shortly thereafter.

///

///

Page 7 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

24.

On or about May 19, 2025, Plaintiff spoke with K.Y. about her encounter at the bar with him on or about May 16, 2025. K.Y. informed Plaintiff that "it was fine" and that Plaintiff was "not in trouble," or words to that effect. Plaintiff later learned from a coworker that K.Y. had been going to places that he knew Plaintiff's husband frequented to investigate whether Plaintiff was using her FMLA appropriately.

25.

On or about May 23, 2025, J.P. presented Plaintiff with a final written warning for her attendance occurrences. Plaintiff asked why she was being written up and J.P. responded that it was due to her absence on or about May 16, 2025. Questioning J.P.'s response, Plaintiff stated, "Because I was nauseous and not able to do my job?!" or words to that effect. J.P. responded, "Jessica, I'm not doing this with you right now," or words to that effect, ignoring Plaintiff's question. J.P. went on to state that the written warning was to notify Plaintiff that an investigation was pending regarding her absence from on or about May 16, 2025, and that her signing of the document was not an agreement, but simply an acknowledgement that an investigation was pending. J.P. then proceeded to wait for Plaintiff to sign the written warning.

26.

On or about May 29, 2025, Plaintiff contacted Defendant's HR to discuss Defendant's ongoing dispute of Plaintiff's use of FMLA. In this conversation, Plaintiff informed Defendant's HR that her absence on or about May 16, 2025 was due to nausea related to her pregnancy. Plaintiff also requested information for long-term leave as a reasonable accommodation for her pregnancy.

Page 8 – COMPLAINT

27.

On or about June 1, 2025, Plaintiff discovered that her previously approved use of FMLA for her absence on or about May 16, 2025 was no longer approved. Plaintiff then contacted Lincoln Financial to ask why her leave on or about May 16, 2025 was no longer approved. Lincoln Financial responded that it had been contacted by Defendant on or about May 30, 2025, and that Defendant had instructed Lincoln Financial to remove May 16, 2025 from Plaintiff's list of approved absences because Plaintiff had been seen in public that day. Plaintiff responded that just because she was in public does not mean that she was capable of doing her job that day, or words to that effect. Lincoln Financial dismissed Plaintiff's response and stated that "it was the [Defendant's] call," or words to that effect.

28.

On or about June 4, 2025, J.P. called Plaintiff and informed her that she was being suspended without pay because the removal of May 16, 2025 from Plaintiff's list of approved absences meant that Plaintiff had violated Defendant's employee attendance policy. Approximately two hours later, J.P. called Plaintiff a second time and notified her that Defendant had terminated her employment due to her attendance occurrences.

29.

On or about that same day, Defendant issued Plaintiff a second final written warning for her attendance occurrences. With the absence for May 16, 2026 counting as an occurrence, Plaintiff had accrued 4.75 occurrence points for her attendance. The final written warning stated that Plaintiff was terminated due to having received two final written warnings within a 12-month period. The final

Page 9 – COMPLAINT

**BAKER & LISS PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

written warning stated that Plaintiff had been "notified via phone," or words to that effect.

30.

Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

## First Claim for Relief

## Title VII – Sex Discrimination

31.

Plaintiff realleges paragraphs 1 through 30 above as fully set forth herein.

32.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation, and/or terminating Plaintiff's employment on the basis of sex and/or gender in violation of Title VII.

33.

For purposes of Title VII, the phrase "because of sex" includes, but is not limited to, because of pregnancy, childbirth, and related medical conditions or occurrences.

34.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss

Page 10 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

of benefits including medical insurance, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

35.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer to some degree stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, difficulty obtaining a new job, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

36.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

37.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 1988 and Title VII.

38.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

### Second Claim for Relief

### ORS 659A.030 – Sex Discrimination

39.

Plaintiff realleges paragraphs 1 through 38 above as fully set forth herein.

Page 11 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

40.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation,  and/or terminating Plaintiff's employment on the basis of her sex and/or gender in violation of ORS 659A.030.

41.

For purposes of ORS 659A.030, the phrase "because of sex" includes, but is not limited to, because of pregnancy, childbirth, and related medical conditions or occurrences.

42.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of benefits including medical insurance, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

43.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer to some degree stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, difficulty obtaining a new job, and loss of

Page 12 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

44.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

45.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885 and ORS 20.107.

46.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under Oregon law.

### Third Claim for Relief

### Title VII – Retaliation

47.

Plaintiff realleges paragraphs 1 through 46 above as fully set forth herein.

48.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated Title VII.

49.

Plaintiff realleges her damages as stated in paragraphs 34 through 38 above.

///

///

Page 13 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## Fourth Claim for Relief

## ORS 659A.030 – Retaliation

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Defendant discharged, expelled, and/or otherwise discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated ORS 659A.

52.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Fifth Claim for Relief

## ORS 659A.147(1)(a) – Pregnancy Discrimination and/or Retaliation

53.

Plaintiff realleges paragraphs 1 through 52 above as fully set forth herein.

54.

Defendant employs six or more persons in the State of Oregon.

55.

Defendant denied employment opportunities to Plaintiff in violation of ORS 659A.147(1)(a) in substantial part because of Plaintiff's pregnancy; known limitations related to pregnancy, childbirth, and/or related medical conditions; and/or Defendant's need to make reasonable accommodations to the known limitations.

56.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

Page 14 – COMPLAINT

## Sixth Claim for Relief

### ORS 659A.147(1)(c) – Pregnancy Discrimination and/or Retaliation

57.

Plaintiff realleges paragraphs 1 through 56 above as fully set forth herein.

58.

Defendant took adverse employment actions against Plaintiff and/or discriminated and/or retaliated against Plaintiff, with respect to tenure or any other term or condition of employment in violation of ORS 659A.147 in substantial part because Plaintiff inquired about, requested, or used a reasonable accommodation for a known limitation due to pregnancy.

59.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Seventh Claim for Relief

### ORS 659A.147(1)(b) – Denial of Pregnancy Accommodation

60.

Plaintiff realleges paragraphs 1 through 59 above as fully set forth herein.

61.

Defendant failed and/or refused to make reasonable accommodations of known pregnancy limitations in violation of ORS 659A.147.

62.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Eighth Claim for Relief

### 42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination

63.

Plaintiff realleges paragraphs 1 through 62 above as fully set forth herein.

Page 15 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

64.

At all material times, Plaintiff was a qualified person with disabilities as defined by 42 U.S.C. § 12102. Plaintiff's disabilities substantially limit one or more major life activity, including but not limited to eating, standing, walking, climbing, and lifting. Despite Plaintiff's disabilities, perceived disabilities, and/or record of disabilities, she was able to perform each essential function of her positions with Defendant at times with and at other times without reasonable accommodation(s).

65.

Defendant knew about Plaintiff's disabilities at all material times.

66.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

67.

Defendant took adverse employment actions against Plaintiff in violation of her federally protected rights, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation, and/or terminating Plaintiff's employment. Defendant's actions were substantially motivated by Plaintiff's disabilities, her perceived disabilities, and/or her record of disabilities, and constitute unlawful disability discrimination in violation of 42 U.S.C. § 12112.

68.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of

Page 16 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

future income, loss of paid time off, loss of or reduction in retirement benefits, loss of benefits including medical insurance, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

69.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer to some degree stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, difficulty obtaining a new job, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

70.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

71.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 12205.

72.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

*///*

*///*

*///*

Page 17 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## Ninth Claim for Relief

### ORS 659A.112 – Disability/Perceived Disability Discrimination

73.

Plaintiff realleges paragraphs 1 through 72 above as fully set forth herein.

74.

At all material times, Plaintiff was a qualified person with disabilities as defined by ORS 659A.104. Plaintiff's disabilities substantially limit one or more major life activity, including but not limited to eating, standing, walking, climbing, and lifting. Despite Plaintiff's disabilities, perceived disabilities, and/or record of disabilities, she was able to perform each essential function of her positions with Defendant at times with and at other times without reasonable accommodation(s).

75.

Defendant knew about Plaintiff's disabilities at all material times.

76.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disabilities.

77.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation,  and/or terminating Plaintiff's employment. Defendant's actions were substantially motivated by Plaintiff's disabilities, her perceived disabilities, and/or

Page 18 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

her record of disabilities, and constitute unlawful disability discrimination in violation of ORS 659A.112.

78.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Tenth Claim for Relief

## 42 U.S.C. § 12112 – Retaliation

79.

Plaintiff realleges paragraphs 1 through 78 above as fully set forth herein.

80.

Defendant retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112 and/or her engagement in protected activities, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process.

81.

Plaintiff realleges her damages as stated in paragraphs 68 through 72 above

## Eleventh Claim for Relief

## ORS 659A.109 – Disability/Perceived Disability Retaliation

82.

Plaintiff realleges paragraphs 1 through 81 above as fully set forth herein.

83.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations for her disabilities. Defendant was on notice of its duty to engage in the interactive process and to provide reasonable accommodations for Plaintiff's disabilities.

Page 19 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

84.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation,  and/or terminating Plaintiff's employment in violation of ORS 659A.109 for engaging in protected activity.

85.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Twelfth Claim for Relief

## ORS 659A.112, ORS 659A.118 – Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability

86.

Plaintiff realleges paragraphs 1 through 85 above as fully set forth herein.

87.

Defendant discriminated against Plaintiff in violation of her state protected rights under ORS 659A.112 and ORS 659A.118 by failing to engage in the interactive process and/or by failing to make reasonable accommodations for Plaintiff's disability.

88.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

///

///

///

Page 20 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## Thirteenth Claim for Relief

### 29 U.S.C. § 2615 – FMLA Interference

89.

Plaintiff realleges paragraphs 1 through 88 above as fully set forth herein.

90.

On information and belief, at all material times, Defendant employed at least 50 employees in the United States.

91.

Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the leave.

92.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under federal law.

93.

As set forth above, Defendant took adverse employment actions against Plaintiff in violation of her federally protected rights, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation,  and/or terminating Plaintiff's employment, for invoking, utilizing, and/or attempting to utilize leave protected under FMLA.

94.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an

Page 21 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

98.

Plaintiff is entitled to interest on the amount of damages alleged in paragraph 94 calculated at the prevailing rate pursuant to 26 U.S.C. § 2617(a)(1)(A)(ii).

96.

Plaintiff is entitled to liquidated damages equal to the sum of the amount described in paragraph 94 plus the interest described in paragraph 95 pursuant to 26 U.S.C. § 2617(a)(1)(A)(iii).

97.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

98.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to pursuant to 26 U.S.C. § 2617(a)(3).

## Fourteenth Claim for Relief

## ORS 657B.070 – Family and Medical Leave Insurance Interference, Discrimination, and/or Retaliation

99.

Plaintiff realleges paragraphs 1 through 98 above as fully set forth herein.

100.

Plaintiff earned at least $1,000 during the prior year working for Defendant.

///

///

Page 22 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

101.

Plaintiff invoked her need for and/or utilized leave that was protected under Oregon law.

102.

As set forth above, Defendant violated ORS 657B.060, denied or interfered with leave requested by Plaintiff, and/or discriminated and/or retaliated against Plaintiff for invoking her need for and/or utilizing or attempting to utilize leave protected by Paid Leave Oregon by taking adverse employment actions against Plaintiff, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation, and/or terminating Plaintiff's employment.

103.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

**Fifteenth Claim for Relief**

**ORS 659A.171, ORS 659A.183 – OFLA Interference, Discrimination, and/or Retaliation**

104.

Plaintiff realleges paragraphs 1 through 103 above as fully set forth herein.

105.

At all material times, Defendant employed 25 or more employees.

106.

At all material times, Plaintiff worked on average at least 25 hours per week.

///

Page 23 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

107.

Plaintiff invoked her need for and/or utilized leave that was protected under Oregon law.

108.

As set forth above, Defendant denied, interfered with, discriminated, and/or retaliated against Plaintiff for invoking her need for and/or utilizing or attempting to utilize leave protected under OFLA by taking adverse employment actions against Plaintiff, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation,  and/or terminating Plaintiff's employment.

109.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities. Plaintiff will continue to have lost income and benefits into the future.

110.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

///

///

Page 24 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

111.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

112.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice that constitutes unlawful discrimination and/or retaliation under Oregon law.

## Sixteenth Claim for Relief

### Wrongful Discharge

113.

Plaintiff realleges paragraphs 1 through 112 above as fully set forth herein.

114.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected OFLA leave. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 659A.183. *See Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

115.

Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating, and/or retaliating against Plaintiff for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected leave. Defendant terminated

Page 25 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

Plaintiff's employment because she engaged in protected activity. Defendant's termination of Plaintiff's employment was unlawful and in violation of the public policy of the State of Oregon.

116.

Defendant's termination of Plaintiff's employment was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

117.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Seventeenth Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

118.

Plaintiff realleges paragraphs 1 through 117 above as fully set forth herein.

119.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in various ways, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, disciplining her, denying her requests for accommodation, failing to engage in the interactive process, disputing her use of FMLA leave, subjecting Plaintiff to an unwarranted investigation, and/or terminating Plaintiff's employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

120.

In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

Page 26 – COMPLAINT

121.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in discrimination or from retaliating against any employee for engaging in protected activities;

2. Economic damages and future losses to be determined at trial;

3. Liquidated damages in an amount to be determined at trial;

4. Noneconomic damages to be determined at trial;

5. Punitive damages in an amount to be determined at trial;

6. Prejudgment and post judgment interest as appropriate and allowed by law;

7. Reasonable costs, disbursements, and attorney fees; and

8. For such other and further relief as the Court may deem just and equitable.


A TRIAL BY JURY IS HEREBY DEMANDED


DATED this 27th day of March, 2026.


BAKER & LISS PC


*s/ Cameron J. Taylor*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Cameron J. Taylor, OSB No. 256661
Attorneys for Plaintiff


Page 27 – COMPLAINT